UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RODNEY A. LONG** | : | **CIVIL ACTION NO. 2:12-cv-2615** |
| **VERSUS** | : | |
| | | **JUDGE MINALDI** |
| **WARDEN, FEDERAL CORRECTIONAL INSTITUTE, OAKDALE** | : | |
| | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Rodney Long. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Background

Petitioner entered a guilty plea on July 8, 2008, to both counts of a two-count indictment, including (1) attempted distribution of 50 grams or more of methamphetamine, and (2) conspiracy to distribute 50 grams or more of methamphetamine, aiding and abetting. *USA v. Long,* 2:07-cr-456 (E.D. Pa.); Docs. 27–29. On February 6, 2009, petitioner was sentenced to one hundred twenty months incarceration on both counts, with the sentences to run concurrently. *Id.* at Doc. 43.

Petitioner complains that Bureau of Prisons incorrectly computed his sentence by failing to credit him for all time served as ordered by the sentencing court. Doc. 1, p. 4. He claims that

he was not given credit for two months served in the custody of the State of California from August 22, 2007, to October 22, 2007. He further claims that he has not been given credit for the sixteen months he served in federal custody from October 22, 2007, to April 21, 2009. Doc. 1, p. 6.[1] Thus, he says that he is entitled to an additional eighteen months credit towards his one hundred twenty month sentence, making his full term release date no later than February 2, 2017. *Id*.

Petitioner contends that the time is not being credited because of an error which states "at the time of sentencing for your instant offense, you were in custody of the State of Pennsylvania." Doc. 1, att. 2, pp. 3, 18. Petitioner claims that he was never in state custody in Pennsylvania, only federal custody. *Id.* at p. 18.

Prior to filing the instant application for habeas relief, petitioner sought administrative relief. Doc. 1, att. 2, p. 2. The administrative remedy altered the calculation of petitioner's sentence in part:

> On November 28, 2011, a "Nunc Pro Tunc" designation was completed designating Pennsylvania Department of Corrections as the appropriate facility to commence the service of your federal sentence. Your state sentence was completed on June 16, 2009 and you were turned over to primary federal custody. Your federal sentence was computed as starting on February 5, 2009, the date it was imposed and your sentence computation has been updated appropriately. Your current release date is April 23, 2017.

Doc. 1, att. 2, pp. 3–4.

The undersigned requested petitioner to provide the court with documentation that indicates the date he was convicted by the State of California. Doc. 6. Petitioner provided a copy of the Notice of Narcotic Offender Registration Requirement form issued by the State of

---

[1] Petitioner notes that he was correctly credited the 6 months that he served in the California state prison from February 22, 2007 to August 22, 2007. *Id.*

California.  The form was completed on June 8, 2009.  It reflects that petitioner was convicted on August 23, 2007, and was scheduled to be released from custody on June 15, 2009.  Doc. 7, p. 2.

## Law and Analysis

Petitioner may challenge the manner in which a sentence is executed by way of a writ of habeas corpus.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  Nevertheless, petitioner is not entitled to habeas relief unless he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585.  *U.S. v. Wilson*, 503 U.S. 329, 332 (1992).  That statute provides, in pertinent part, the following:

> Credit for prior custody.  <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).

The *nunc pro tunc* designation retroactively fixed February 5, 2009 as the date on which petitioner's federal sentence commenced.  This designation was correct.

Petitioner asks this court to give him credit for time served in state custody as well as time served in federal custody prior to the time he was sentenced in federal court.  However, per

the plain language of 18 U.S.C. § 3585, petitioner is not entitled to the relief he requests because he was serving time on his California sentence during these periods of custody.[2]

### Recommendation

Accordingly, **IT IS RECOMMENDED** that the instant application for a writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 9th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned recognizes that petitioner was never convicted by the State of Pennsylvania. The record does not indicate, but it appears that petitioner served a good portion of his California sentence in the custody of the State of Pennsylvania while he awaited disposition of the federal case against him. In any event, even if the administrative remedy was mistaken, it is of no moment. The sole dispositive issue in this case is that petitioner was serving time on a state sentence.